UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

OCT 2 2 2014

PER_____
   DEPUTY CLERK

JOHN RICHARDSON,                          :
                                          :
          Plaintiff                       :
                                          :
     v.                                   : CIVIL NO. 3:CV-14-1506
                                          :
DOMINICK DeROSE, et al.,                  : (Judge Kosik)
                                          :
          Defendants                      :

## MEMORANDUM

### I.    Background

Plaintiff, John Richardson, filed this civil rights action pursuant to 42 U.S.C. §
1983 while confined at the Dauphin County Prison, Pennsylvania.  At the present time,
it appears that he is in transit to a Pennsylvania State Correctional Institution.[1] In the
complaint, Plaintiff names three (3) Dauphin County prison officials/employees and
appears to set forth conditions of confinement, failure to protect and retaliation
allegations in violation of the Eighth Amendment.  Service of the complaint has been
directed, but no response has yet been filed by Defendants.  Presently before the court

_____

[1] Counsel for Defendants notified the court that mail sent to Plaintiff at the
Dauphin County Prison was returned, and he is no longer in custody.  However, when
the court accessed VineLink, see www.vinelink.com, to investigate Plaintiff's
whereabouts, his custody status is reported as "transferred" and his location is listed
as "PA Department of Corrections."

is Plaintiff's request for the appointment of counsel. (Doc. 20.) For the reasons that follow, the motion will be denied without prejudice at this time.

## II.   Discussion

Plaintiff seeks counsel because he is without funds to hire an attorney and employees at the Dauphin County Prison are interfering with his mail and retaliating against him for filing this lawsuit. Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this

motion, the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

    1. The plaintiff's ability to present his or her own case;

    2. The difficulty of the particular legal issues;

    3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

    4. The plaintiff's capacity to retain counsel on his or her own behalf;

    5. The extent to which a case is likely to turn on credibility determinations; and

    6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff in this case so far are clearly written and detail the claims he desires to pursue. The legal issues presented are not overly complicated. Plaintiff is clearly literate and, while it is true that he is incarcerated, he appears able to litigate this action on his own. Any concern about employees at the Dauphin County Prison interfering with his ability to litigate this case are moot in that he is no longer confined there. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404

U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel.  As such, his pending motion for counsel will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.  An appropriate order follows.